UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRET WILLIAM ROSS,

           Petitioner,

v.

JASON BENNETT ,

           Respondent.

CASE NO. 3:24-cv-05573-TMC-BAT

**REPORT AND RECOMMENDATION**

Petitioner Bret William Ross is confined at the Stafford Creek Corrections Center, following his conviction in Clallam County Superior Court case number 21-1-00337-05. Dkt. 1. According to the Clallam County Superior Court's records,[1] Petitioner pleaded guilty on March 14, 2022, and was sentenced on April 21, 2022 to a 93-month to life term of imprisonment, and lifetime community custody.

On July 16, 2024, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the conviction and sentence imposed in Clallam County case number 21-1-00337-05. Petitioner also filed an application to proceed *in forma pauperis* (IFP) which shows he can afford to pay the $5.00 filing fee as his average spendable monthly trust balance is $151.37. *See* Dkt. 1.

---

[1] *See* Details (wa.gov) last accessed July 18, 2024.

REPORT AND RECOMMENDATION - 1

Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must review a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. The Court has reviewed the habeas petition and recommends it be DISMISSED with prejudice because it is untimely, and because the claim for relief lacks merit. Petitioner has sufficient funds to pay the filing fee. If the Court adopts the recommendation to dismiss the petition, the Court further recommends Petitioner's motion to proceed IFP, motion to waive Magistrates Report,[2] and motion to appoint counsel, and motion to certify be stricken as moot. Issuance of a certificate of appealability should also be denied.

## DISCUSSION

### A.     The Petition

Using a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Petitioner challenges the validity of the conviction and sentence that was imposed April 21, 2022 in Clallam County case number 21-1-00337-05. Dkt. 1 at 2. The habeas petition indicates Petitioner did not file a direct appeal or seek state collateral relief and raises one ground for relief: "Is former RCW 9.94A.507 unconstitutional on its face and operating in violation of Mr. Ross' Sixth Amendment right to Jury trial?" Dkt. 1 at 6.

In support of this ground for relief, Petitioner submitted a Memorandum stating he seeks § 2241 relief and "objects to any recharacterization as a 28 U.S.C. § 2254 petition" under *Castro*

---

[2] Petitioner contends that under *Wingo v. Wedding*, 418 U.S. 461 (1974), a magistrate judge may not issue a report and recommendation in this matter lacks merit. *Wingo* held the Federal Magistrates Act did not authorize a magistrate judge to conduct an evidentiary hearing. The 1976 amendments to the Federal Magistrates Act authorize appointment of magistrate judges to conduct evidentiary hearings and submit proposed findings of fact and recommendations for disposition in federal habeas cases. *See* 28 U.S.C.A. s 636(b)(1)(B) (West Supp.1982). These amendments were intended to overrule *Wingo v. Wedding*. *See U.S. v. Raddtiz*, 447 U.S. 667, 676 (1980) ("Congress enacted the present version of § 636(b) as part of the 1976 amendments to the Federal Magistrates Act in response to this Court's decision in *Wingo v. Wedding*").

REPORT AND RECOMMENDATION - 2

*v. United States*, 540 U.S. 375 (2003). Petitioner further contends the Clallam County Superior Court sentenced him to an

> indeterminate life sentence pursuant to former RCW 9.94A.507 Section (6)(b) requires strict compliance with RCW 9.95.420(3)(a) and (b), which both authorize a board to increase the mandatory minimum term of confinement.
>
> The plain language of former RCW 9.94A.712[3] violates Mr. Ross' Sixth Amendment right to a jury trial as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 570 U.S. 90 (2013).
>
> B. Operation of Statue Former RCW 9.94A.712 subjects Mr. Ross to the jurisdiction of a board operating as a parole board, under RCW 9.95.002. However, the legislature intends to conform to the sentencing reform act chapter 9.94A to comply with the ruling in *Blakely* Laws of 2005 chapter 68 section 1.
>
> The sentencing reform act placed meaningful constraints on discretion to sentence offenders within the statutory ranges and eliminated parole *Blakely v. Washington,* 540 U.S. 296, 316 (2004).

Dkt. 1 (memorandum). As relief, Petitioner requests the Court order Petitioner's release from custody. *Id.* at 7.

**B.    § 2241 versus §2254 Habeas Petitions**

Plaintiff requests the Court find his conviction and sentence invalid, order his release from prison under § 2241, and objects to recharacterizing his petition as brought under §2254 citing *Castro v. U.S.*  The *Castro* case involved limits on recharacterizing a federal prisoner's motion as a § 2255 motion and directed Courts to provide a federal prisoner notice of intent to

---

[3] The Court notes Plaintiff used a form memorandum for those sentenced under RCW 9.9A.71. However, as Plaintiff pleaded guilty and was sentenced in 2022, he was sentenced under RCW 9.94A507, which recodified RCW 0.94A.712. Laws 2008, ch. 231, § 56.

REPORT AND RECOMMENDATION - 3

recharacterize, a warning that any subsequent § 2255 motion will be subject to restrictions on successive motions, and the chance to withdraw the motion. *Id. at 793.*

The concern addressed in *Castro* is thus inapplicable. What is applicable to this case is what provision under Tile 28 permits Petitioner to challenge his state court conviction and sentence. Any prisoner who is in custody and challenges his or her state criminal conviction and sentence is required to seek habeas relief under 28 U.S.C. § 2254, and not 28 U.S.C § 2241. This is because § 2254 is the exclusive means by which a convicted individual may test the legality of his or her state conviction and detention. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended).

Moreover, because Petitioner is imprisoned pursuant to a state court criminal judgement, relief is available only under § 2254 even if he is <u>not</u> challenging his underlying state court conviction. *See Dominguez v. Kernan,* 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") In short, as Petitioner challenges his underlying Clallam County state court judgment and sentence, such relief is available only under § 2254, not § 2241. Because the relief Petitioner requests is unavailable under § 2241, the Court treats the petition as one seeking § 2254 habeas relief.

C. **The Petition is Untimely**

Petitioner contends the state sentence imposed in 2022 violates his Sixth Amendment right to a jury determination, and that the Court should grant habeas relief and release him from custody. This challenge is time barred because a § 2254 federal habeas petition challenging a

REPORT AND RECOMMENDATION - 4

criminal judgment and sentence is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241 et seq. Section 2244 sets forth the applicable limitations periods:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time allowed for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). When there is no

REPORT AND RECOMMENDATION - 5

direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). As the Supreme Court has explained:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, *or in state court*, expires.

*Gonzalez*, 565 U.S. at 150 (emphasis added).

As noted above, under 28 U.S.C. § 2244(d)(2), if during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

Here, Petitioner seeks federal habeas relief from his April 2022 conviction and sentence. The conviction occurred over 2 years ago, and became final by November 2022, when the 90 days to seek certiorari lapsed. Petitioner presents nothing showing his final judgment has been statutorily tolled. Further there is no basis to equitably toll the statute of limitations because the facts and legal bases supporting Petitioner's claims were known to Petitioner at the time of his sentencing. Plaintiff plainly knew what sentence was imposed in 2022, how under the Revised Code of Washington he would be subject to the sentencing scheme he now challenges, and further challenges the sentencing scheme based upon cases that were decided between 2000 and

REPORT AND RECOMMENDATION - 6

2013, years before his sentencing in 2022.

Additionally, other courts have found federal habeas challenges to a state court judgment and sentence under *Apprendi* and *Blakely* are subject to the statute of limitations under 28 U.S.C. 2244(d). *See, e.g., Packer v. Salazar*, 2010 WL 1611050 (E.D. Cal., April 21, 2010).

Petitioner's federal habeas petition is accordingly time barred and should be dismissed with prejudice.

### D.  The Ground for Relief Lacks Merit

Petitioner did not indicate the offense to which he pleaded guilty and was sentenced. Rather he contends the "indeterminate life sentence pursuant to former RCW 9.94A.507 Section (6)(b) requires strict compliance with RCW 9.95.420(3)(a) and (b), which both authorize a board to increase the mandatory minimum term of confinement."

Under RCW 9.94A.507(3)(a) and (b) the legislature directed upon a finding that the offender is subject to a sentencing under this section, the court shall impose a sentence to a maximum term and a minimum term. The maximum term shall consist of the statutory maximum sentence for the offense. RCW 9.94A.507(6)(a) states "As part of any sentence under this section, the court shall also require the offender to comply with any conditions imposed by the board under RCW 9.95.420 through 9.95.435.

Petitioner contends the sentence he received was governed by RCW 9.94A.507 and this statute violates his Sixth Amendment rights under *Apprendi* and *Blakely,* arguing that any sentence above the minimum term imposed by the sentencing judge requires a jury finding. However, the sentence Petitioner received, a maximum term of life and a minimum term of 93 months is the term of imprisonment set by the Washington State legislature. Petitioner's sentence thus does not rely upon facts that require a finding made by a jury under *Apprendi* or *Blakely*,

REPORT AND RECOMMENDATION - 7

because his sentence falls within the maximum term of imprisonment set by the legislature and which the sentencing judge was required to impose. To the extent Petitioner claims the maximum term he faces is 93 months of imprisonment, and any term above that violates the Sixth Amendment, under *Blakely*, that claim lacks merit. Petitioner was sentenced to a maximum term of life in prison, and no less than 93 months—not no more than 93 months.

Accordingly, even if the Court were to find Petitioner's § 2254 petition was timely filed, Petitioner's claim for relief lacks merit and should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude Petitioner is entitled to relief.  Accordingly, the Court recommends a COA not be issued, and that pursuant to Rule 11 of the Rules Governing § 2254 cases, the district court deny issuance of a COA if it dismisses Williams's habeas petition for failure to exhaust.  Petitioner should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **August 1, 2024.** The Clerk shall note the matter for **August 2, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 18th day of July, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge