UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRET WILLIAM ROSS,

        Petitioner,

v.

JASON BENNETT,

        Respondent.

Case No. 3:24-cv-05573-TMC

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT

### I. ORDER

Before the Court are twelve motions for relief from judgment filed by Petitioner Bret William Ross. Dkt. 22, 23, 24, 27, 28, 29, 31, 33, 34, 35, 38, 39. The Court has reviewed all twelve motions and the remaining record. For the reasons explained below, all twelve motions are DENIED.

On August 13, 2024, the Court dismissed Mr. Ross's federal habeas petition with prejudice in its order adopting the Report and Recommendation of U.S. Magistrate Judge Brian A. Tsuchida. Dkt. 8. The Court agreed with Judge Tsuchida that the petition was untimely and that the asserted ground for relief lacked merit. *Id.* at 2. Mr. Ross has appealed that decision. Dkt. 10. On September 27, 2024, the Court denied Mr. Ross's first motion for relief from

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 1

judgment, reiterating that it had correctly construed his habeas petition as one filed under 28 U.S.C. § 2254. Dkt. 19.

Mr. Ross has since filed twelve additional motions for relief from judgment. All twelve motions are brought under Federal Rule of Civil Procedure 60(b)(4), which allows the Court to grant relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] judgment is not void merely because it is erroneous." *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). A judgment is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

The Court will consider the merits of Mr. Ross's motions because they attack alleged defects in the integrity of his habeas proceedings and are not themselves disguised second or successive habeas petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–33 (2005); *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011).

**A.    Dkt. 22, 23, 24, 27, 28, 29, 33, 34, 35, and 38**

Most of Mr. Ross's motions are nearly identical. They contend that the Court violated 28 U.S.C. § 636 by failing to conduct de novo review of one of Mr. Ross's earlier filings: his motion to proceed in forma pauperis (Dkt. 22; *see* Dkt. 1); his request for certification of a question to the Washington Supreme Court (Dkt. 23; *see* Dkt. 1-2); his affidavit (Dkt. 24); his motion requesting judicial notice (Dkt. 27); his motion requesting a "Brady order" (Dkt. 28); his motion for an evidentiary hearing (Dkt. 29); his request for records (Dkt. 33; *see* Dkt. 6); his motion to order a response to his petition (Dkt. 34; *see* Dkt. 5-2); his motion requesting production of the record (Dkt. 35; *see* Dkt. 5-3); and his motion requesting discovery (Dkt. 38; *see* Dkt. 5-4).

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 2

Although it is unclear to which filings some of these motions (Dkt. 24, 27, 28, 29) intend to relate, none of the motions state a basis for relief under Rule 60(b)(4). As explained in the order adopting the Report and Recommendation, the Court reviewed the entire record, and conducted de novo review of the Report and Recommendation. Dkt. 8 at 1. Because the Court agreed with the Magistrate Judge that the petition was untimely and the claim lacked merit, the Court did not separately address each of Petitioner's other pending motions or proposed motions, which were mooted by the Court's dismissal of his petition. This does not violate 28 U.S.C. § 636 or render the Court's judgment void.

### B.  Dkt. 31

In his motion at Docket 31, Mr. Ross argues that the judgment is void because the District Court "assert[ed] a procedural defense not made by respondent." Dkt. 31 at 1. To support this argument, Mr. Ross cites *Trest v. Cain*, 522 U.S. 87 (1997), which held that a district court is not *required* to raise on its own whether a habeas petitioner failed to comply with a state procedural law (a failure known as "procedural default"). *Id.* at 89. But in *Day v. McDonough*, the U.S. Supreme Court held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." 547 U.S. 198, 209 (2006). That is precisely what the Court did here, and it does not make the judgment void.

### C.  Dkt. 39

Finally, in his motion at Docket 39, Mr. Ross contends that the Court erred by not applying "the analysis set forth in" *Ornelas v. United States*, 517 U.S. 690 (1996). But *Ornelas* is a case about how the Court of Appeals reviews a district court's findings of reasonable suspicion and probable cause on direct appeal. *See id.* at 696–98. It is unclear how *Ornelas* would apply to Mr. Ross's habeas petition, which is governed by AEDPA and raised a claim rooted in his Sixth

Amendment right to a jury trial, not the Fourth Amendment. But nothing in *Ornelas* shows that this Court's judgment dismissing Mr. Ross's habeas petition is void.

## II. CONCLUSION

For the reasons explained above, all of Mr. Ross's pending motions for relief from judgment are DENIED. A certificate of appealability is also DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of December, 2024.

Tiffany M. Cartwright
United States District Judge