UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRET WILLIAM ROSS,

        Petitioner,

v.

JASON BENNETT,

        Respondent.

Case No. 3:24-cv-05573-TMC

THIRD ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT

### I.   ORDER

Before the Court are four motions for relief from judgment filed by Petitioner Bret William Ross. Dkt. 41, 46, 50, 51. The Court has reviewed all four motions and the remaining record. For the reasons explained below, all four motions are DENIED. Additionally, because Mr. Ross has repeatedly filed frivolous motions, the Court ORDERS Mr. Ross to show cause by March 17, 2025 why he should not be sanctioned under Federal Rule of Civil Procedure 11.

On August 13, 2024, the Court dismissed Mr. Ross's federal habeas petition with prejudice in its order adopting the Report and Recommendation of U.S. Magistrate Judge Brian A. Tsuchida. Dkt. 8. The Court agreed with Judge Tsuchida that the petition was untimely and that the asserted ground for relief lacked merit. *Id.* at 2. On September 27, 2024, the Court denied Mr. Ross's first motion for relief from judgment, reiterating that it had correctly construed his

habeas petition as one filed under 28 U.S.C. § 2254. Dkt. 19. Mr. Ross then filed twelve more motions for relief from judgment, which the Court denied in an omnibus order on December 20, 2024. Dkt. 40.

Mr. Ross appealed both the Court's dismissal of his habeas petition and its denial of his motions for relief from judgment. Dkt. 10, 42, 43. On January 24, 2025, the Ninth Circuit denied his request for a certificate of appealability on any of those claims, concluding he had not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dkt. 47.

Still, Mr. Ross has persisted in filing four more motions for relief from judgment. Dkt. 41, 46, 50, 51. Three of those motions again seek relief under Federal Rule of Civil Procedure 60(b)(4), which allows the Court to grant relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] judgment is not void merely because it is erroneous." *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). A judgment is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

The fourth motion seeks relief under Federal Rule of Civil Procedure 60(b)(3), which allows the Court to grant relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

The Court will address the merits of Mr. Ross's motions because they attack alleged defects in the integrity of his habeas proceedings and are not themselves disguised second or successive habeas petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–33 (2005); *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011). Because the motions are frivolous, however, the Court will also order Mr. Ross to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11.

### A. Dkt. 41

The motion filed at Dkt. 41 is duplicative of motions this Court has already rejected. Mr. Ross again argues that this Court failed to conduct de novo review of his case. This argument has been rejected by this Court and the Ninth Circuit and is frivolous. *See* Dkt. 40 at 2–3, Dkt. 47.

### B. Dkt. 46, 50

The motions filed at Dkt. 46 and Dkt. 50 are identical. They each claim that the judgment is void because the U.S. Magistrate Judge violated 28 U.S.C. § 636 by entering final judgment without Mr. Ross's consent. But that is not true. The Magistrate Judge issued a Report and Recommendation as authorized by 28 U.S.C. § 636(b), and the undersigned Article III judge conducted de novo review, dismissed Mr. Ross's habeas petition, and entered judgment. Dkt. 8. These motions are also frivolous.

### C. Dkt. 51

In Dkt. 51, Mr. Ross appears to argue that the Magistrate Judge and District Judge engaged in a fraudulent scheme by dismissing his habeas petition without ordering that the original state court record be produced. But this Court dismissed Mr. Ross's petitions based on threshold legal questions—timeliness and the applicability of *Apprendi* and *Blakely* to the sentencing range for Mr. Ross's crime set by the Washington legislature—that showed Mr. Ross

was plainly not entitled to relief. Dkt. 4 at 2, Dkt. 8. The Court's decision has already been affirmed on appeal. Dkt. 42. This motion is also frivolous.

### D. Sanctions Under Federal Rule of Civil Procedure 11

Although Mr. Ross brings these motions pro se, he remains bound by the Federal Rules of Civil Procedure, like any other litigant. Rule 11 expressly provides that it applies to "a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Under Rule 11, by signing a motion, an unrepresented party certifies to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Mr. Ross's motions appear to violate this rule, and his repeated use of motions for relief from judgment to advance frivolous arguments abuses the judicial process and wastes time the Court could spend handling other cases, including cases from other prisoners and pro se litigants.

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). The sanction should "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). To give Mr. Ross notice and an opportunity to be heard, the Court ORDERS Mr. Ross to show cause no later than March 17, 2025 why he should not be sanctioned for violating Rule 11(b)(2).

### II. CONCLUSION

For the reasons explained above, all of Mr. Ross's pending motions for relief from judgment are DENIED. A certificate of appealability is also DENIED. Mr. Ross is ORDERED

to show cause no later than March 17, 2025 why he should not be sanctioned for filing frivolous motions in violation of Federal Rule of Civil Procedure 11(b)(2).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of February, 2025.

Tiffany M. Cartwright
United States District Judge