UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRET WILLIAM ROSS,

        Petitioner,

   v.

JASON BENNETT,

        Respondent.

Case No. 3:24-cv-05573-TMC

ORDER ON SANCTIONS

## I.   ORDER

In its third order denying Petitioner Bret William Ross's motions for relief from judgment (Dkt. 54), the Court ordered Mr. Ross to show cause no later than March 17, 2025 as to why he should not be sanctioned for filing frivolous motions in violation of Federal Rule of Civil Procedure 11(b)(2). The Court wrote:

> Although Mr. Ross brings these motions pro se, he remains bound by the Federal Rules of Civil Procedure, like any other litigant. Rule 11 expressly provides that it applies to "a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Under Rule 11, by signing a motion, an unrepresented party certifies to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Mr. Ross's motions appear to violate this rule, and his repeated use of motions for relief from judgment to advance frivolous arguments abuses the judicial process and wastes time the Court could spend handling other cases, including cases from other prisoners and pro se litigants.

ORDER ON SANCTIONS - 1

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). The sanction should "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). To give Mr. Ross notice and an opportunity to be heard, the Court ORDERS Mr. Ross to show cause no later than March 17, 2025 why he should not be sanctioned for violating Rule 11(b)(2).

Dkt. 54 at 4.

Mr. Ross did not respond to the Court's order. Accordingly, the Court finds that Mr. Ross's previous motions for relief from judgment were frivolous, and that there is good cause to impose nonmonetary sanctions for violations of Rule 11. Fed. R. Civ. P. 11(c)(4). The Court further finds that the sanction that will suffice "to deter repetition of the conduct" is to strike all future frivolous motions in this case without a ruling on the merits. *See id.* If Mr. Ross files additional motions, and the Court deems them frivolous, the Court will *sua sponte* strike the motion. If this does not deter the filing of frivolous motions, the Court will consider monetary sanctions in the future.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of April, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER ON SANCTIONS - 2